UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

№ 26-CV-5509 (RER) (MMH)

BRENT MARK BRISTOL

VERSUS

SECRETARY OF STATE OF THE UNITED STATES, SECRETARY OF HOMELAND SECURITY OF THE UNITED STATES, AND COMMISSIONER OF U.S. CUSTOMS AND BORDER PROTECTION

**MEMORANDUM & ORDER**

**RAMÓN E. REYES, JR., District Judge:**

On September 4, 2026, *pro se* plaintiff Brent Mark Bristol ("Bristol" or "Plaintiff") filed this action against the United States Secretary of State ("DOS"), Secretary of Homeland Security, and the Commissioner of Customs and Border Protection ("CBP"), in their official capacities (collectively, "Defendants" or "the federal government"). (ECF No. 1 ("Compl.")). Bristol brings claims for denial of procedural due process under the Fifth Amendment and violation of the Administrative Procedure Act ("APA"). (*Id.* at 8–10). Bristol also seeks a temporary restraining order and preliminary injunction. (ECF No. 2). For the reasons set forth below, Bristol's motion for a temporary restraining order and preliminary injunction is denied.

## BACKGROUND

On August 30, 2026, upon returning from a trip to Trinidad and Tobago, Bristol's United States passport was seized by a CBP officer, who later described the passport as

having been "suspended" or "revoked." (Compl. ¶¶ 25–27; ECF No. 2-1 ("Pl.'s Mem.") at 2).

Unbeknownst to Bristol, prior to the revocation of his passport, the United States Department of Health and Human Services ("HHS") had received a certification from New York State that Bristol was in arrears on his child support payments by at least $2,500. (ECF No. 7 ("Defs.' Opp.") at 8). Pursuant to 42 U.S.C. § 652(k)(1), HHS transmitted the state certification of Bristol's child support arrears to DOS.[1] (*Id.* at 8). After receipt of HHS' notice, DOS revoked Bristol's passport on May 13, 2026, pursuant to 42 U.S.C. § 652(k)(2).[2] (*Id*. at 8). Pursuant to 22 C.F.R. § 51.4(g)(1), DOS' approval of the revocation notice rendered Bristol's passport inactive. *Id.* ("A United States passport is invalid as soon as the Department approves the revocation notification.")).

If DOS revokes a passport, they must "send notice in writing" that includes "the specific reasons" and "the procedures for review available under 22 CFR 51.70 through 51.74." 22 C.F.R. § 51.65. Plaintiff alleges he never received a revocation notice from

---

[1] 42 U.S.C. § 652(k)(1) provides, "[i]f the Secretary [of HHS] receives a certification by a State agency in accordance with the requirements of section 654(31) of this title that an individual owes arrearages of child support in an amount exceeding $5,000, the Secretary shall transmit such certification to the Secretary of State for action (with respect to denial, revocation, or limitation of passports) pursuant to paragraph (2)."

[2] 42 U.S.C. § 652(k)(2), provides, the "Secretary of State shall, upon certification by the Secretary [of HHS] transmitted under paragraph [(k)(1)], refuse to issue a passport to such individual, and may revoke, restrict, or limit a passport issued previously to such individual." According to DOS regulations, "[a] passport . . . shall not be issued in any case in which the Secretary of State determines or is informed by competent authority that: ... (8) The applicant has been certified by the Secretary of Health and Human Services as notified by a State agency under 42 U.S.C. § 652(k) to be in arrears of child support in an amount exceeding $5,000.00." 22 C.F.R. § 51.70(a). DOS regulations further provide that "[a] passport may be revoked … where … [t]he national would not be entitled to issuance of a new passport under § 51.70." 22 C.F.R. § 51.72(a).

DOS prior to the seizure of his passport. (Compl. ¶ 31; *see also* Pl.s Mem. at 3–4).[3] Although Plaintiff's correct address was listed on his passport application, DOS mailed the notice to the wrong address twice. (Defs.' Opp. at 8; ECF No. 7-2 at 3). Also, although he is not challenging his underlying child support obligations, Bristol contends that he never received notice from New York State that he would be certified to HHS as delinquent in said obligations or that his passport could be revoked. (Compl. ¶ 29–30).

On September 4, 2026, Plaintiff initiated this action and filed an emergency motion for a temporary restraining order and preliminary injunction to reinstate and return his passport. (Compl. ¶ 1; ECF No. 2 ("Pl.'s Mot.") at 2). On September 11, 2026, the government filed their opposition to Plaintiff's emergency motion. (Defs. Opp.). On September 14, 2026, the Court held a motion hearing. (ECF No. 10).

## **LEGAL STANDARD**

Temporary restraining orders and preliminary injunctions are extraordinary and drastic remedies. See *Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007) (per curiam). The standards for granting a temporary restraining orders are the same as those governing preliminary injunctions. *See Local 1814, Intern. Longshoremen's Ass'n, AFL CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992); *see also Leddy v. Becerra*, 617 F. Supp. 3d 116, 121 (E.D.N.Y. 2022) (citing *Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008)). The moving party is required to show "(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the on

[3] On September 14, 2026, DOS sent a revocation notice via email to Plaintiff. (ECF No. 13-2).

the merits, or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." *Cnty. of Nassau, N.Y. v. Leavitt*, 524 F.3d 408, 414 (2d Cir. 2008) (quoting *NXIVM Corp. v. Ross Inst.*, 364 F.3d 471, 476 (2d Cir. 2004)). The movant must carry the burden of persuasion by a clear showing, and "[t]he district court has wide discretion in determining whether to grant a preliminary injunction." *Moore v. Consolidated Edison Co. of N.Y.*, 409 F.3d 506, 511 (2d Cir. 2005) (citing *Green Party of N.Y. v. N.Y. State Bd. of Elections*, 389 F.3d 411, 418 (2d Cir. 2004) and *Columbia Pictures Indus., Inc. v. Am. Broad. Cos.*, 501 F.2d 894, 897 (2d Cir. 1974)).

## DISCUSSION

Plaintiff's application for a temporary restraining order and preliminary injunction are denied because he has failed to establish a clear showing of the likelihood of success on the merits of his due process claim.

In this Court's view, this case is controlled by *Weinstein v. Albright*, 261 F.3d 127 (2d Cir. 2001), which Bristol cites in his various submissions. (Compl. ¶¶ 23, 41, 52; Pl.'s Mem. at 1, 3). In *Weinstein*, the plaintiff's new passport application was denied, and his existing passport was revoked following certification from New York State that he was more than $5,000 in arrears on his child support obligations. *Weinstein v. Albright*, No. 00CIV.1193(JGK), 2000 WL 1154310, at *3 (S.D.N.Y. Aug. 14, 2000), *aff'd*, 261 F.3d 127 (2d Cir. 2001). Weinstein sued the state and federal authorities for a host of constitutional violations, including the denial of due process. *Id.* at 1. The district court denied Weinstein's motion for preliminary injunction and granted the state and federal

defendants' motions to dismiss and for summary judgment. *Id.* at 12. On appeal, the Second Circuit affirmed. *Weinstein*, 261 F.3d at 143.

With respect to Weinstein's due process claim, after reviewing the statutory and regulatory scheme, the Circuit held "the right to notice and an opportunity to contest the arrears determination before the relevant state agency is sufficient to protect the liberty interest in having a passport and traveling internationally." *Id.* at 139. Therefore, the adequacy of DOS' notice to Bristol is not dispositive. Rather, Bristol's procedural due process claim turns on New York State's actions. To be part of the federal system for passport revocation for failure to pay child support, states must certify to HHS that they maintain a system for providing pre-certification notice and opportunity to be heard. 42 U.S.C. § 654(31). Presumably, New York State provided such notice to Bristol. Bristol contends that New York State did not provide him with notice of the arrears determination, the passport consequences, or a meaningful opportunity to contest the determination. (Compl. ¶ 29–30). Bristol does not provide evidence or concrete allegations to support this claim. In light of the sparse factual record on Plaintiff's interactions with New York State, the Court finds Bristol has failed to demonstrate a clear likelihood of success on the merits for his procedural due process claim. On this basis, the Court denies Bristol's motion for a temporary restraining order and preliminary injunction.

Further, even if Bristol had demonstrated a likelihood of success on the merits, Bristol lacks standing for his requested injunctive relief. "[A] plaintiff must demonstrate standing for each claim and form of relief sought." *Carver v. City of New York*, 621 F.3d 221, 225 (2d Cir. 2010) (citation omitted). To establish standing, "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the

defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338, as revised (May 24, 2016) (citations omitted). Here, the federal government cannot redress Plaintiff's injury, *i.e*. his passport deprivation. Section 652(k) bars DOS from issuing Bristol a new passport while a child support arrearage certification is in place (42 U.S.C. § 652(k)(2)) and challenges to child support arrearages can only be raised with the state and Family Court (*Lindsay v. New York Child Support OCSS*, No. 25-CV-2232 (LLS), 2026 WL 962464, at *7 (S.D.N.Y. Apr. 8, 2026)). Since Defendants cannot furnish Plaintiff with a valid passport, Plaintiff's claims are not redressable and he therefore lacks standing for his temporary restraining order and preliminary injunction requests against them.

## CONCLUSION

For the reasons set forth above, Bristol's temporary restraining order and preliminary injunction motions are denied.

SO ORDERED.

/s/ Ramón E. Reyes, Jr.

RAMÓN E. REYES, JR.
United States District Judge

Dated: September 21, 2026
Brooklyn, New York